# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TYRONE HURT and V.I. CONSTITUTION, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:20-cv-648-SRC |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| FORMER D.C. COUNCIL MEMBER and ) | |
| FORMER MAYOR IN THE CENTER ) | |
| OF THE WORLD, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of a complaint filed by *pro se* plaintiff Tyrone Hurt. Plaintiff has neither paid the filing fee, nor filed a separate motion seeking *in forma pauperis* status. Instead, plaintiff included a section titled "Motion to Proceed in Forma Pauperis" within the body of the complaint. The Court will allow plaintiff to proceed *in forma pauperis*, and will dismiss this case.

## Background

Plaintiff currently resides in the District of Columbia. To date, he has filed a total of eleven civil actions *pro se* and *in forma pauperis* in this Court, including this one, since January 21, 2020.[1] Additionally, review of plaintiff's federal court filings indicate that he has filed numerous cases in

---

[1] *See Hurt v. Bailey Realtor, Inc. LLC,* 4:20-cv-99-NAB (E.D. Mo. Jan. 21, 2020); *Hurt v. D.C. Board of Parole, et al.,* 4:20-cv-100-PLC (E.D. Mo. Jan. 21, 2020); *Hurt v. American College Dictionary, et al.*, 4:20-cv-101-RLW (E.D. Mo. Jan. 21, 2020); *Hurt v. U.S. Constitution*, 4:20-cv-525-RLW (E.D. Mo. Apr. 13, 2020); *Hurt v. U.S. Constitution, et al.*, 4:20-cv-527-SRC (E.D. Mo. Apr. 13, 2020); *Hurt et al. v. United States of America, et al.*, No. 4:20-cv-645-AGF (E.D. Mo. May 11, 2020); *Hurt et al. v. United States of America et al.*, No. 4:20-cv-647 (E.D. Mo. May 11, 2020); *Hurt et al. v. United States of America et al.*, 4:20-cv-00648-SRC (E.D. Mo. May 8, 2020); *Hurt et al. v. Motel 6 et al.*, 4:20-cv-00649-PLC 5-11; *Hurt et al. v. American College Dictionary et al.* 4:20-cv-00667-NCC (E.D. Mo. May 18, 2020).

district courts across the United States. *See Hurt v. Civil Rights Lawyer*, No. 3:17-cv-39-DJH (W.D. Ky. March 22, 2017) (noting that instant case was "not the first time Hurt has brought in this Court a disjointed complaint with no connection to this jurisdiction, and, in fact, Hurt has a pattern of doing so in courts across the country"); and *Hurt v. D.C. Board of Parole, et al.*, No. 1:13-cv-5365-LAP (S.D.N.Y. Oct. 11, 2013) (noting that plaintiff has "filed hundreds of lawsuits around the country that [have] been dismissed as frivolous"). Plaintiff's propensity for filing multiple, frivolous lawsuits has subjected him to pre-filing injunctions in numerous federal courts. *See Hurt v. Nat'l Museum of African-American History & Culture*, No. 5:17-cv-97-H (E.D.N.C. May 30, 2017) (collecting cases). He has been barred from proceeding *in forma pauperis* in the United States District Court for the District of Columbia, *Hurt v. United States*, No. 1:19-cv-2785-UNA (D.D.C. Oct. 8, 2019), and barred from proceeding *in forma pauperis* on appeal in the United States Court of Appeals for the District of Columbia Circuit. *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 311 (D.C. Cir. 2008) (per curiam).

### The Complaint

Plaintiff brings this action along with "V.I. Constitution." There is no indication of the identity of "V.I. Constitution." Named as defendants are the United States of America, "Former D.C. Council Member," and "Former Mayor in the Center of the World."

The complaint is almost entirely illegible. It appears plaintiff asserts that this Court has jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1330-1332, and 42 U.S.C. § 1975. It also appears plaintiff wishes to bring a lawsuit concerning telephones. It is not apparent that he describes any events that occurred within this judicial district.

**Discussion**

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. If venue is improper, the Court must either dismiss the action or, if it is in the interest of justice, transfer it to the proper district. 28 U.S.C. § 1406(a).

Plaintiff has alleged nothing permitting the conclusion that venue lies in this judicial district. There is no indication that "Former D.C. Council Member" or "Former Mayor in the Center of the World" reside in this judicial district, nor is there any indication that any events or omissions giving rise to any claim occurred within this judicial district. In sum, none of the requirements of § 1391 are present, and venue is therefore improper. Because it would not be in the interest of justice to transfer this case, the Court will dismiss it.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of proper venue. *See* 28 U.S.C. § 1406(a). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of May, 2020.

SLR.CR

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE